Opinion of the Court.
THIS was an action upon a promise to marry. Three counts are laid in the declaration, and the cause was tried upon the general issue. On the trial the plaintiff proved the repeated acknowledgments of the defendant, that he had been engaged above two years to marry her, and she proved by a witness, that her brother requested the witness to speak to the defendant, and inform him that he wished an interview between him and his sister, the plaintiff; that as affairs seemed to be with the plaintiff, it was time, if the defendant meant to do any thing for her, that it should be done to hide her shame. The plaintiff herself, as the witness swore, charged him with a message to the defendant, to tell him, that she wished an interview with the defendant; that she conceived she could settle some differences which had existed between them, and could convince him that he was in an error, and that all things might be adjusted, and they yet be married. The witness deposed that he understood from both these messages of the plaintiff and her brother, they wished the marriage to take place ; that he delivered the message, and in the first communication with the defendant, he agreed to see the plaintiff. But that evening or the next day, he saw the defendant and enquired of him whether he had seen the plaintiff, when the defendant informed him that he would not ; that when he had seen her last, a difference had taken place and she had tried to kill him, and that as matters had turned out with her, he would never marry her, and he therefore, had not gone. And it was proved, that at the time of said request from the plaintiff and her brother, the plaintiff was at her father's, in the town of Paris, and the defendant likewise in said town. Here the plaintiff rested her evidence in support of her action, when the counsel for the defendant, moved the court to instruct the jury, that the plaintiff not having shewn time or place where the contract was to be completed, she had not proved an offer or tender to marry the defendant, sufficient in law to entitle her to an a *235 ction, for a breach of the marriage contract; but the court overruled the motion, to which the defendant excepted, and a verdict being found by the jury for the plaintiff, a judgment was thereupon rendered, to which the defendant prosecutes this writ of error.
In a declaration on a marriage contract, alleging a promise to marry on request, a special request ought to be averred ; otherwise, no cause of action is shown.
If the declaration alleges that the promise was to be performed within a reasonable time, it ought to contain a traversable averment of readiness, or of a special request on the part of the woman.
The time and place of the special request being blank in the declaration, does not vitiate, unless the promise had been laid to be performed at a particular time and place, on request.
The errors assigned, question the sufficiency of the several counts in the declaration, as well as the correctness of the decision of the circuit court in refusing to instruct the jury as asked by the defendant in that court.
1. The first count, we have no doubt, is defective, because it alleges that the promise to marry was to be performed on request, and no special request is averred, without which there could be no breach of such a promise. The second count, we also think, is defectives, because it alleges that the promise was to be performed within a reasonable time, but contains no traversable averment of a readiness or offer to perform the contract on the part of the plaintiff, and in mutual promises of this sort, such an averment is necessary as was decided in the case of Buck vs. Shain. 2 Bibb, 341. If, indeed, there had been a special request laid in the count it might have supplied the want of a traversable averment of an offer to perform, for a request necessarily implies such an offer ; but there is no special request laid in the count.
2. The third count, however, we are of opinion, is substantially good. It lays the promise to be performed upon request, and it avers a special request. It is true, that the time and place of the request is left blank. But this is certainly not an available objection. If the promise had been laid to be performed on request at a particular time and place, the request should have been averred to have been made at the time and place specified for the performance; for otherwise a breach of the promise could not be shewn. But as there is no time or place laid, at which, by the contract, the request was to be made, the time and place of making the request is no more material than the time and place of making the promise, and most clearly a blank as to the latter would not vitiate the count. An averment of a special request, with a blank as to the time and place, differs very materially from an averment of a general request. In the latter case, no proof of a request is necessary, the averment being imma *236 terial; but in the former case, the averment is material and the request, though the time and place of making it is immaterial, must be proved. The third count is, therefore, good, and it is sufficient, notwithstanding the others are bad, to sustain the verdict and judgement.
When no time or place is laid in the declaration for the performance of the contract, it is not necessary that the evidence should prove, that any time or place was agreed on.
It appears from a bill of exceptions, taken by the plaintiff in the court below, that the court at the instance of the defendant, instructed the jury to disregard the third count as well as the second, as being faulty and insufficient. But as the third count is good, the instructions as to it were erroneous, and a verdict found contrary to erroneous instructions, cannot be thereby vitiated.
3. With respect to the correctness of the decision of the circuit court, in refusing to instruct the jury as asked by the defendant in that court, there can be but little room to doubt. The instructions were asked upon the supposition, that it was necessary for the plaintiff to prove a time and place at which the contract was to have been completed. But this is evidently an erroneous supposition; for no time or place was laid in either count of the declaration for the performance of the contract, nor is a specific time or place necessary to the validity of such a contract. The promise was, indeed, laid to be performed upon request. in the third count, and as that contains an averment of a special request having been made, and is the only count we hold to be good, it was indispensably necessary, for the plaintiff to prove a request. But the evidence certainly conduced to prove such request. Independent of any reliance for this purpose, upon the message sent from the plaintiff to the defendant, the jury, we think, might have infered a request from the fact acknowledged by the defendant, of the quarrel which had happened between him and the plaintiff; for it would not be irrational to suppose that she was provoked to the violence which he describes, by his refusal to comply at her instance with his engagement.
Judgment affirmed with costs.